UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-24794-CIV-GRAHAM/DAMIAN

HILDA L VALERO,
    Plaintiff,

v.

KILOLO KIJAKAZI, ACTING
COMMISSIONER OF SOCIAL
SECURITY,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Unopposed Petition for Attorney Fees, filed January 11, 2022 [ECF No. 27] ("the "Petition"). This matter was referred to the undersigned by the Honorable Donald L. Graham, United States District Court Judge. [ECF Nos. 2 and 28].

THE COURT has reviewed the Petition, the supporting Memorandum of Law [ECF No. 27-4], and the supporting Declaration and schedule of hours billed [ECF Nos. 27-1 and 27-2] and is otherwise fully advised in the premises. The Court notes that the Petition is unopposed. *See* Petition [ECF No. 27] at ¶ 7.

Plaintiff requests fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the amount of $3,595.70. Plaintiff indicates in the Petition that she is the prevailing party in this litigation, that the Defendant's position was not "substantially justified," and that her net worth at the time of filing was less than two million dollars. *See id*. at ¶¶ 3-5. The assertions are supported by Plaintiff's Petition, its supporting documents, and the record.

Further, review of the Petition reveals that the requested fees are reasonable and permitted pursuant to the EAJA (28 U.S.C. § 2412).

As indicated in the Petition, Plaintiff assigned her rights to any EAJA fee award to her attorney:

> The Plaintiff, Hilda L Valero, has executed a valid assignment of this fee award to the undersigned stating as follows: "I consent to have all EAJA fees paid to my attorneys. It is my request that any check issued in my case pursuant to the Equal Access to Justice Act (EAJA) be issued in the name of Luis A Segarra, Esq." In light of Astrue v. Ratliff, 560 U.S. 586 (2010), and the Anti-Assignment Act, 31 U.S.C. §3272; 31 C.F.R. section 285.5[,] an award of fees shall be payable to Plaintiff and delivered to Plaintiff's counsel, unless Plaintiff owes a debt subject to offset. If the United States Department of the Treasury determines that Plaintiff does not owe a debt subject to offset, the government will accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff's counsel.

Petition [ECF No. 27] at ¶ 6.

Accordingly, finding that the Petition comports with the EAJA and that the requested fees are reasonable and justified, this Court

RESPECTFULLY RECOMMENDS that Plaintiff's Unopposed Petition for Attorney Fees [ECF No. 27] be GRANTED and that Plaintiff be awarded fees in the amount of $3,595.70. It is further

RESPECTFULLY RECOMMENDED that if Plaintiff does not owe any debt to the United States that is subject to an offset, the check for attorney's fees shall be made payable to Plaintiff's attorney.

The parties have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Donald L. Graham, United States District Court Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of any issue covered in the

Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report, except upon grounds of plain error, if necessary in the interest of justice. *See* 28 U.S.C § 636(b)(1); *Harrigan v. Metro Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-1192 (11th Cir. 2020); *Thomas v. Arn,* 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

    RESPECTFULLY SUBMITTED in Chambers, at Miami, Florida, this 31th day of January, 2022.

                                        MELISSA DAMIAN
                                        UNITED STATES MAGISTRATE JUDGE