UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-24794-DLG

HILDA L. VALERO,

    Plaintiff,

v.

FRANK J. BISIGNANO,
*Commissioner of Social Security*,[1]

    Defendant.

_____/

**REPORT AND RECOMMENDATIONS**

**THIS CAUSE** is before the Court on Plaintiff's Unopposed Petition for Attorney's Fees under 42 U.S.C. Section 406(b)(1)(A) of the Social Security Act (the "Motion"). (ECF No. 31). The Petition was referred to the undersigned by the Honorable Donald L. Graham, United States District Judge, to take "all necessary and proper action as required by law pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida." (ECF No. 32). Upon review of the Motion, the record as a whole, and being otherwise fully apprised in the matter, the undersigned recommends that Plaintiff's Motion be **GRANTED**.

On August 26, 2019, Petitioner was retained by Plaintiff to represent her in administrative and federal court proceedings relating to a claim for Social Security disability benefits. (ECF No. 31 at 1). Plaintiff filed an application for Social Security Disability benefits on August 27, 2019. (*Id.*). Plaintiff was unsuccessful in obtaining benefits at the administrative level.

---

[1] Frank J. Bisignano became Commissioner of Social Security on May 6, 2025. Therefore, pursuant to Federal Rule of Civil Procedure 25(d), Frank J. Bisignano is substituted as the Defendant in this suit.

1

Subsequently, Plaintiff initiated a civil action in this District. (ECF No. 1). Plaintiff filed a Motion for Summary Judgment seeking reversal and remand of the unfavorable decision at the administrative level. (ECF No. 21). Shortly thereafter, the Commissioner filed an unopposed Motion for Entry of Judgment with Remand. (ECF No. 24). On January 4, 2022, the District Court granted the Commissioner's Motion and entered judgment in favor of the Plaintiff, reversing and remanding the case for further proceedings. (ECF No. 26). On remand, Plaintiff was ultimately awarded past due benefits in the amount of $121,445.00. (ECF No. 31-4 at 3). The District Court previously awarded Plaintiff $3,595.70 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (ECF No. 30). Pursuant to 42 U.S.C. § 406(b), Plaintiff's counsel now petitions the Court for authorization to charge a total fee of $10,361.25, less the EAJA fees previously awarded, for a net fee of $6,795.55. (ECF No. 31 at 3–4). The fee agreement provides for attorney's fees in the amount of 25 percent of any past-due benefits awarded to Plaintiff. (ECF No. 31-1).

Pursuant to 42 U.S.C. § 406(b)(1)(A), the Court may award a "reasonable fee" to counsel for work performed in the Court. However, the award cannot exceed 25 percent of the total of the past-due benefits which have been awarded to the claimant. 42 U.S.C. § 406(b)(1)(A); *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) ("Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." (citations omitted)).

In evaluating the reasonableness of a contingent fee agreement, courts consider "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. "If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court."

2

*Id.* (citing *Rodriquez v. Bowen*, 865 F.2d 739, 746–47 (6th Cir. 1989)). "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Id.* "In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.*

With regard to prior EAJA awards, "Congress harmonized awards for attorney's fees under the EAJA with awards under § 406(b) by requiring the claimant's attorney 'to refund to the claimant the amount of the smaller fee.'" *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006) (quoting *Gisbrecht*, 535 U.S. at 796). An attorney "may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) fee request." *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010).

The contingency fee set forth in the fee agreement executed by Plaintiff falls within the 25 percent boundary prescribed by 42 U.S.C. § 406(b)(1)(A). *See* (ECF No. 31-1 at 1). Plaintiff's counsel, Luis A. Segarra, Esq., has effectuated the refund required by the EAJA by deducting the amount of the earlier EAJA award from his request here. Further, Plaintiff's counsel certified that he spent 22.85 hours representing Plaintiff in the federal court proceedings in this case. (ECF No. 31 at 3).

The undersigned finds no indicia of delay on the part of Plaintiff or her counsel and does not find that the benefits received by Plaintiff are excessively large in comparison to the 22.85 hours spent by Plaintiff's counsel. Moreover, the Motion is unopposed. Therefore, the undersigned concludes that the $10,361.25 gross fee sought by Plaintiff's counsel is reasonable and that no reduction to the fee sought is necessary beyond the prior award of EAJA fees. Thus, upon

subtracting the EAJA fees previously awarded, Plaintiff's counsel is due to be awarded the net fee of $6,795.55.

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that Plaintiff's Unopposed Petition for Attorney's Fees Under 42 U.S.C. § 406(b)(1)(A) be **GRANTED**. Plaintiff's counsel should be **AWARDED** fees in the sum of $6,795.55 pursuant to 42 U.S.C. § 406(b)(1).

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Donald L. Graham, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida this 21st day of October, 2025.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE